(33 South. 611.)

No. 14,664.

STATE ex rel. BABIN, Justice of the Peace, v. FOSTER, Judge.

(Jan. 19, 1903.)

PEACE BOND—DEFAULT — COSTS — IMPRISON-MENT—JUSTICES OF THE PEACE—SALARIES —CRIMINAL LAW—POLICE JURIES—HABEAS CORPUS.

1. Prior to the adoption of the Constitution of 1898 the law was that parties placed under peace bonds should, in addition to giving the bond, pay the costs of the proceedings taken.

2. And a party required to give a peace bond could lawfully be committed to prison in default of giving the bond and paying the costs.

3. But the Constitution of 1898, in lieu of the old system of costs in criminal matters, including peace bond cases, before justices of the peace, directs police juries to arrange for salaries to magistrates and constables.

4. It is the duty of police juries to do this. But whether they do or not the constitutional inhibition applies:—justices of the peace and constables are to receive no fees (i. e.—costs) in criminal matters and peace bond cases.

5. There is no law authorizing police juries, in providing salaries for justices of the peace and constables, to empower them to continue to collect costs in criminal matters and peace bond cases and turn same over to the parish.

6. Whether or not the General Assembly could, by statute, delegate such authority to police juries, does not arise herein and opinion as to it is reserved.

7. Under the law as it now stands a justice of the peace is without authority to require the payment of costs in addition to giving the peace bond exacted.

8. Where a party is committed in default of giving the peace bond and paying the costs, the judgment on habeas corpus should have been limited to directing his release on giving the bond; it should not have gone further and ordered his unqualified release.

(Syllabus by the Court.)

Application by the state, on the relation of Joseph Alcide Babin, justice of the peace, for writ of certiorari to T. Don Foster, judge. Granted.

Edwin S. Broussard and Anthony N. Muller, for relator. Respondent judge, pro se.

BLANCHARD, J. The relator is justice of the peace for the Third Ward, parish of Iberia.

Affidavit was made before him charging one Anisette Berard with disturbing the peace and praying that he be put under bond to keep the peace.

A warrant issued and the accused was brought before the magistrate. He pleaded guilty and was condemned to furnish bond for $50, with security, conditioned to keep the peace, and he was also condemned to pay the costs of the proceedings. The bond was to have force and effect for the term of three months.

In default of giving the bond and paying the costs, he was committed to the parish jail.

Whereupon he applied to the judge of the district court for a writ of habeas corpus, directed to the magistrate who had committed him and the sheriff of the parish who held him in custody.

He prayed inquiry into the proceedings by which he had been deprived of his liberty and for judgment releasing him from custody.

But he did not complain, in his petition for the writ, of any irregularity in the proceedings leading up to his incarceration, nor of the nullity of said proceedings on any grounds set forth.

What he does complain of is the following, to wit:—

That while he was ready and willing to furnish the peace bond required of him, and offered to do so to the satisfaction of the magistrate, the latter refused to accept the bond unless he (Berard) also paid the costs of the proceedings, amounting to $11.25; that the attempt to force him to pay the costs was and is without warrant of law and in contravention of the Constitution of the state; and that the refusal of the magistrate to accept the bond unless the costs were paid, and sending him to prison in consequence of his failure to pay the costs, was and is an illegal deprivation of his liberty.

On the trial of the habeas corpus it was established that Berard was willing to give the bond, but not to pay the costs, and that

the magistrate required both. Hence, the commitment.

It was shown that the police jury of the parish paid the magistrate a small salary per month as compensation for services in criminal matters, and that the jury's instructions to him were to collect costs in peace bond cases and to account for same to that body.

It appears, however, that the jury was not in the habit of taking the money when thus collected, but permitted the magistrate and the constable of its court to retain the same.

The result of the trial was the discharge of Berard from custody and condemning Babin, the magistrate, to pay the costs of the habeas corpus.

Representing that he had no redress by appeal, Babin, in his capacity as justice of the peace, applied to this court for its writ of certiorari, to the end of inquiry into the validity of the proceedings of the district court by which Berard was discharged from custody.

Considering that article 128 of the Constitution of 1898—its construction, intent and scope—was brought into question in the case, the court deemed it advisable to order up the papers.

That article is as follows:—

"Justices of the peace and constables shall receive no fees in criminal matters, including peace bond cases, but, in lieu thereof, such salaries as may be fixed by the police jury, and paid by the parish, which salaries shall be graded."

The contention of the relator herein is that notwithstanding the foregoing provision of the organic law it is legal to collect costs from those required to give peace bonds; that the article of the Constitution does not repeal Rev. St. § 1046, which prescribes that whenever a person is condemned to give a peace bond the costs incurred shall be paid by such person; that all the Constitution intends is that justices of the peace and constables shall not, themselves, retain the costs collected in such cases, but in lieu thereof shall receive a salary from the police jury—leaving the costs so collected to be accounted for to the jury and paid over into the parish treasury; and that it was competent for the police jury, in making provision for the payment of a monthly salary to him as magistrate for his ward in lieu of fees in criminal causes, to direct him to collect the costs in such cases and pay the same over to the jury.

The contention of Berard and of the respondent judge is that the article of the Constitution has the effect of repealing the section of the Revised Statutes referred to; that no costs can be demanded by justices of the peace in criminal matters or peace bond cases coming before them; that it was not competent for the police jury of Iberia parish to authorize the relator to collect costs in such cases and turn the same over to the jury; that when Berard offered to give the peace bond required of him the same should have been accepted; and that his subsequent imprisonment, because he did not give the bond and pay the costs, and his commitment until he should give the bond and pay the costs, were and are illegal acts, entitling Berard to relief through habeas corpus proceedings.

Another contention of the defendant relates to the insufficiency of the warrant sworn out against Berard, but this was not raised in the petition for the writ.

Ruling—The case is considered to be before the court, on the issue, solely, of the effect to be given to the article 128 of the Constitution.

Prior to the adoption of the Constitution of 1898 the law was that parties placed under peace bonds should, in addition to giving the bond, pay the costs of the proceedings taken to compel the giving of the bond. Rev. St. § 1046; Act No. 121 of 1855.

And a party required to give a peace bond could lawfully be committed to prison in default of giving the bond and paying the costs.

To put an end to abuses originating in this law, viz:—its too frequent application under the stimulus of the costs to accrue therefrom—the constitutional convention adopted article 128.

Under its terms, in lieu of the old system of costs exacted of those put under peace bonds, the police juries of the parishes are to compensate justices of the peace and the constables of their courts directly out of the parochial treasury for services in such cases.

It is the duty of police juries to make provision for this. But whether they do or not,

the constitutional inhibition applies:—justices of the peace and constables are to receive no fees (i. e.—costs) in criminal matters and peace bond cases.

Anything in previous statutes inconsistent with this must give away before it.

Conceding arguendo, for the moment, that the words of the Constitution, "shall receive no fees," were meant in the sense only that justices of the peace and constables were not themselves to be the beneficiaries of the costs exacted, but could, still, under the authority of the police jury, continue to collect same for account of the parish, there is no warrant of law for police juries, in providing salaries for justices of the peace and constables, to authorize them to continue to collect costs in criminal matters and peace bond cases and turn same over to the jury.

Police juries have only such authority as is delegated to them by law. There is no law which invests them with the power referred to.

Whether or not the General Assembly could, by statute, extend the power, is a question which does not arise herein and opinion as to it is reserved.

The relator, in his capacity as magistrate, was, therefore, without authority to require of Berard the payment of costs in addition to giving the peace bond.

His proper action was to have accepted a bond with solvent surety and released Berard.

It follows that when Berard was imprisoned under a commitment which required him to be held in custody until he gave the bond and paid the costs, he was entitled to relief under habeas corpus, but only to the extent of the modification of the order of imprisonment. That is to say, he was entitled to his liberty on furnishing the bond without paying the costs.

And that should have been the judgment in the habeas corpus proceeding.

The respondent judge exceeded his authority in going further and ordering Berard's unconditional release.

It is, therefore, ordered that the writ of certiorari be maintained and perpetuated to the extent of requiring the respondent judge to so modify his order of release of Anisette Berard as to direct that he be released on furnishing the peace bond required of him by relator, with good and solvent surety satisfactory to the relator, and that he be held in custody until such bond is given, or until the term fixed for the bond, three months, shall have expired.

Writ of certiorari maintained and perpetuated to the extent of directing respondent judge to modify the judgment.